# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------:

CGY GREENWICH I LLC,

                         Plaintiff,

            -against-

NOBLE AMERICAS GAS & POWER CORP.,

                        Defendant.

Index No.

**SUMMONS**

Venue is proper pursuant to § 503(a) of New York Civil Practice Law and Rules

---

TO: Noble Americas Gas & Power Corp.

     ***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action (the "Complaint") and to serve a copy of your response, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: December 31, 2015
        New York, New York

                                           FOX ROTHSCHILD LLP
                                           Attorneys for Plaintiff
                                           100 Park Avenue, Suite 1500
                                           New York, New York 10017
                                           (212) 878-7900

                                           By: /s/ Matthew J. Schenker
                                                   Matthew J. Schenker, Esq.

Defendant's Address:

Noble Americas Gas & Power Corp.
Four Stamford Plaza
107 Elm Street
7th Floor
Stamford, CT 06902

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

CGY GREENWICH I LLC,

                Plaintiff,

-against-

NOBLE AMERICAS GAS & POWER CORP.,

                Defendant.

Index No.

**VERIFIED COMPLAINT**

---

Plaintiff CGY Greenwich I LLC ("CGY"), by and through its attorneys Fox Rothschild LLP, brings this action for declaratory judgment against Defendant Noble Americas Gas & Power Corp. ("Noble"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff CGY brings this action pursuant to CPLR § 3001 to obtain a declaration that there is no enforceable agreement regarding the purchase by Noble from CGY of New Jersey Solar Renewable Energy Certificates.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff CGY is a limited liability company organized under the laws of the state of Delaware with a principal place of business located at 1200 Brickell Avenue, Suite 800, Miami, Florida 33131.

3. Defendant Noble is a corporation organized under the laws of the state of Delaware with a principal place of business located at Four Stamford Plaza, 107 Elm Street, 7th Floor, Stamford, Connecticut 06902.

4. CGY is an interested party in an actual controversy with Defendant Noble, and CGY seeks to have this Court declare certain rights and legal obligations between the parties.

5. This Court has jurisdiction over this action and over the parties pursuant to CPLR § 301 because, upon information and belief, Defendant Noble systematically conducts business in New York.

6. This Court has jurisdiction over this action and over the parties pursuant to CPLR § 302 because, *inter alia*, Defendant Noble conducted business in New York by engaging a New York City broker with respect to the proposed transaction.

7. Venue is proper in this Court pursuant to CPLR § 503(a).

## **BACKGROUND**

8. Solar Renewable Energy Certificates ("SRECs") are tradable instruments that exist in states that have Renewable Portfolio Standard ("RPS") legislation requirements for solar energy. RPS legislation requires that a certain percentage of retail sales of electricity include a minimum percentage of electrical energy from solar photovoltaics. Electric distribution companies and suppliers can satisfy RPS obligations by purchasing SRECs generated by other suppliers. Each purchased SREC is treated, respectively, as the equivalent of one megawatt-hour of retail electricity sales from solar photovoltaics.

9. Plaintiff CGY is an affiliate of Conergy Projects, Inc., which develops and constructs solar projects.

10. Defendant Noble and its parent company Noble Group Limited ("Noble Group") engage in energy and environmental commodity trading.

## The Proposed Transaction

11. In or about October, 2015, CGY and Noble entered into negotiations for the purchase by Noble from CGY of certain SRECs to be generated at a solar facility to be constructed in Greenwich Township, Warren County, New Jersey (the "Greenwich Facility").

12. CGY and Noble were introduced by Karbone Inc. ("Karbone"), a New York-based energy and environmental commodities broker.

13. A description of the general terms of the proposed transaction was set forth in an October 21, 2015 "confirmation" (the "Transaction Confirmation") issued by Karbone, whose sole role, according to the express terms of the Transaction Confirmation, was "the introduction of the parties." A true and correct copy of the Transaction Confirmation is attached hereto as Exhibit "A."

14. The Transaction Confirmation was never executed by CGY or Noble. *See* Exhibit "A."

15. The Transaction Confirmation is not an agreement between CGY and Noble, but rather merely a confirmation of a proposed transaction between the parties.

## The Unsatisfied Conditions

16. The express language of the Transaction Confirmation states that the proposed transaction contemplated therein is "subject to" two clear conditions: (1) "the completion of a fully executed PSA ["Purchase and Sale Agreement"]"; and (2) "mutually acceptable credit terms." Neither of the two stated conditions was ever satisfied.

17. With respect to the first unsatisfied condition, CGY and Noble attempted to negotiate Purchase and Sale Agreement documentation, including but not limited to: (1) a "Transaction Confirmation – Purchase and Sale of Solar Renewable Energy Certificates;" (2) an

"Equity Commitment Letter" to be signed by CGY's parent; and (3) a "Guarantee" of Noble's obligations to be signed by Noble's parent Noble Group (collectively, the "PSA Agreements").

18. Multiple drafts of the PSA Agreements were exchanged by CGY and Noble, but numerous material terms were never agreed upon as of December 11, 2015 when CGY informed Noble that "it will be unable to continue the definite agreement negotiation for this trade due to credit concerns with Noble Group."

19. Accordingly, none of the PSA Agreements was ever agreed upon or signed by Noble and CGY (or any of their affiliates).

20. With respect to the second unsatisfied condition, "mutually acceptable credit terms" were never reached. In this regard, after Karbone issued the Transaction Confirmation, and while CGY and Noble were attempting to negotiate the PSA Agreements, there were widely published and alarming reports of Noble Group's dire credit ratings.

21. On or about November 23, 2015, Standard and Poor's ("S&P") announced that its "BBB-" credit rating for Noble Group – which is S&P's lowest ranking on its investment-grade scale – was "on review with negative implications." *See* http://www.cnbc.com/2015/11/23/sp-ratings-agency-piles-on-the-pain-for-noble-as-it-reviews-investment-grade-rating.html (Nov. 23, 2015). In other words, S&P was then considering downgrading Noble Group's credit rating to "junk status."

22. Similarly, credit-rating firm Moody's placed Noble Group "on review for downgrade" of Noble Group's already low "Baa3 issuer rating and senior unsecured bond rating," as well as Moody's "provisional Baa3 rating on its MTN program." *See* https://www.moodys.com/credit-ratings/Noble-Group-Ltd-credit-rating-807942516 (Nov. 15, 2015). Moody's subsequently downgraded Noble Group's credit rating to "junk status."

4

23. In addition to CGY's legitimate credit concerns about Noble Group, "mutually acceptable credit terms" were never reached because the material terms of the Equity Commitment Letter and Guarantee were never agreed upon.

24. In sum, the two express conditions that needed to be satisfied, before any alleged agreement contemplated by the Transaction Confirmation – completion of fully executed PSA Documents and mutually agreeable credit terms – were never satisfied.

**The Current Dispute**

25. By letter dated December 23, 2015, Noble demanded that CGY perform under the terms of an agreement allegedly created by the Transaction Confirmation and further demanded that CGY provide written confirmation of its intent to perform under threat of further legal action.

26. By response dated December 28, 2015, CGY denied the existence of any agreement, specifically denied that the Transaction Confirmation was an "agreement," and stated that even if the Transaction Confirmation could constitute an agreement, the two express preconditions were indisputably never satisfied.

27. Accordingly, a real and justiciable controversy has arisen between the parties concerning the rights and obligations in connection with the SRECs to be generated by the Greenwich Facility.

**AS FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

28. Plaintiff CGY repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

29. The foregoing evidences an actual controversy within the meaning of CPLR § 3001 regarding the parties' respective rights and obligations in connection with the SRECs to be generated by the Greenwich Facility.

30. CGY has no adequate remedy at law.

31. The dispute and controversy between CGY and Noble is of a justiciable nature and is not speculative.

32. This Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action concerning the issues raised in this Complaint.

33. A judicial determination is necessary and required at this stage in order to adjudicate the parties' respective rights and obligations.

34. Plaintiff seeks an Order declaring that there is no enforceable agreement regarding the purchase by Noble from CGY of New Jersey Solar Renewable Energy Certificates to be generated by the Greenwich Facility and that Noble has no rights in connection with the aforementioned New Jersey Solar Renewable Energy Certificates.

WHEREFORE, Plaintiff CGY respectfully requests that this Court enter judgment in its favor and against Defendant Noble, and provide the following relief:

a) An Order declaring that there is no enforceable agreement regarding the purchase by Noble from CGY of New Jersey Solar Renewable Energy Certificates to be generated by the Greenwich Facility;

b) An Order declaring that Noble has no rights in connection with the New Jersey Solar Renewable Energy Certificates to be generated by the Greenwich Facility;

c) An Order declaring that Noble is entitled to no relief against CGY; and

d) Such other relief as the Court deems just and equitable.

Dated: December 31, 2015
New York, New York

Respectfully submitted,

FOX ROTHSCHILD LLP

By: /s/ Matthew J. Schenker
Matthew J. Schenker, Esq.
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900
(212) 692-0940 facsimile
*Attorneys for Plaintiff*
*CGY Greenwich I LLC*

# VERIFICATION

STATE OF CALIFORNIA   )
                                            ss:
COUNTY OF San Diego   )

David Munsky, being duly sworn, states:

I am an authorized representative of the plaintiff herein and have personal knowledge of the facts alleged. I have read the foregoing Verified Complaint and know the contents thereof to be true, except as to those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

By: _David Munsky_
David Munsky
Authorized representative of CGY
Greenwich I LLC

Subscribed and sworn before me this
29th day of December, 2015

_Notary signature_
Notary Public

OFFICIAL SEAL
JOSHUA ANTHONY BOLLES
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 2017060
SAN DIEGO COUNTY
MY COMM. EXP. MARCH 31, 2017

FILED: NEW YORK COUNTY CLERK 12/31/2015 12:11 PM
NYSCEF DOC. NO. 2

INDEX NO. 654493/2015
RECEIVED NYSCEF: 12/31/2015

# EXHIBIT "A"



## KARBONE INC.

675 Third Avenue, Suite 3004
New York, NY 10017

ATTN: Adam Raphaely
Noble Americas Gas & Power Corp
REF NO: NJS-1787-8715

## CONFIRMATION NOTICE

DATE: October 21, 2015

FROM: Karbone Inc
PHONE: (646) 845-0096
FAX: (646) 219-7168

On behalf of Karbone Inc, we are pleased to confirm the following New Jersey Solar Renewable Energy Certificate transaction.

BUYER:
Noble Americas Gas & Power Corp
Four Stamford Plaza
107 Elm Street, 7th Floor
Stamford, CT 06902
ATTN: Adam Raphaely
PHONE: (203) 326-8493
EMAIL: araphaely@thisisnoble.com

SELLER:
CGY Greenwich 1 LLC
1200 Brickell Avenue, Suite 800
Miami, FL 33131
ATTN: Young Cho
PHONE: (201) 316-6147
EMAIL: y.cho@conergy.com

PRODUCT: New Jersey Solar Renewable Energy Certificates (SRECs)
DESCRIPTION AND TRANSACTION STRUCTURE:

| Vintage | RY2017 | RY2018 | RY2019 | RY2020 | RY2021 |
|---|---|---|---|---|---|
| SREC Volume FIRM | 11,300 | 11,300 | 11,300 | 11,300 | 11,300 |
| SREC Volume Unit Contingent | 1,495 | 1,431 | 1,368 | 1,304 | 1,241 |
| Price/SREC | $167.50 | $167.50 | $167.50 | $167.50 | $167.50 |

PAYMENT: Payment upon Delivery of SRECs, on schedule outlined within Purchase and Sale Agreement ("PSA").

DELIVERY: Delivery via PJM-GATS on schedule outline with PSA.

OTHER TERMS: This transaction is subject to the completion of a fully executed PSA and mutually acceptable credit terms.

COMMISSION: $0.75/SREC, i.e. $42,375.00 total for the Firm volumes, payable upon the execution of the PSA. Remittance for the Unit Contingent volumes will be paid upon delivery.

INVOICES: Invoices are payable upon execution of the PSA. Invoices to be sent attention to dvoyez@nobleamericas.com.

CONTACT: Jacques Pouhe, (646) 845-0096 // jacques.pouhe@karbone.com

The parties agree that Karbone's sole function with respect to the transaction is the introduction of the parties and that each is responsible for evaluating the merits of the transaction and the counterparty. Karbone assumes no responsibility for the performance of the transaction or for the financial condition of any party. Please verify for accuracy the details of this transaction and kindly bring to Karbone's attention any errors as soon as possible.