# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| CGY GREENWICH I LLC, | : |
| Plaintiff, | : Index No. 654493/2015 |
| - against - | : |
| | : **NOBLE AMERICAS GAS &** |
| | : **POWER CORP.'S VERIFIED** |
| NOBLE AMERICAS GAS & POWER CORP., | : **ORIGINAL ANSWER** |
| Defendant. | : |

Defendant Noble Americas Gas & Power Corporation ("Noble"), through its attorneys, submits this Verified Original Answer, and would respectfully show as follows:

1. In response to paragraph 1 of the Complaint, Noble admits that Plaintiff CGY Greenwich I LLC ("CGY") filed suit against Noble to obtain a declaratory judgment pursuant to CPLR § 3001, but denies the absence of an enforceable agreement between Noble and CGY. As a result, CGY is not entitled to the relief sought.

2. Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis denies the same.

3. Noble admits the allegations in paragraph 3 of the Complaint.

4. Noble admits the allegations in paragraph 4 of the Complaint.

5. Noble admits the allegations in paragraph 5 of the Complaint.

6. With respect to paragraph 6 of the Complaint, Noble admits that it regularly conducts business in New York and that the parties were introduced to one another by a broker

1

located in New York City. Noble denies the remainder of the allegations in paragraph 6 of the Complaint.

7. Noble admits the allegations in paragraph 7 of the Complaint.

8. Noble admits the allegations in paragraph 8 of the Complaint.

9. Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and on that basis denies the same.

10. Noble admits the allegations in paragraph 10 of the Complaint.

11. Noble admits the allegations in paragraph 11 of the Complaint.

12. Noble admits the allegations in paragraph 12 of the Complaint.

13. With respect to the allegations in paragraph 13 of the Complaint, Noble admits that Karbone issued a Confirmation Notice on October 21, 2015 (the "Karbone Notice"), a true and correct copy of which is attached as Exhibit "A" to the Complaint. Noble also admits that the Karbone Notice states that Karbone's sole function in the transaction is "the introduction of the parties." Noble denies that the Karbone Notice merely described "general terms" of a "proposed transaction" between the parties. Noble further denies the remaining allegations in paragraph 13.

14. With respect to the allegations in paragraph 14 of the Complaint, Noble admits that the parties did not sign the Karbone Notice although it was delivered to and received by CGY and Noble. Noble denies the remaining allegations in paragraph 14.

15. Noble denies the allegations in paragraph 15 of the Complaint.

16. Noble admits that paragraph 16 of the Complaint accurately quotes portions of the Karbone Notice, but denies the remaining allegations in paragraph 16.

17. Noble admits that the documents referenced in paragraph 17 of the Complaint were the subject of negotiations between the parties but denies the remaining allegations in paragraph 17.

18. With respect to the allegations in paragraph 18 of the Complaint, Noble admits that the quoted language was communicated by CGY to Noble on or about December 11, 2015. Noble further admits that multiple drafts of the PSA Agreements were exchanged between the parties in the process of negotiating the documents. Noble denies the remaining allegations in paragraph 18, including the allegation that "numerous material terms were never agreed upon."

19. With respect to the allegations in paragraph 19 of the Complaint, while the essential terms were agreed to by the parties, Noble admits that the PSA Agreement was not fully executed.

20. With respect to the allegations in paragraph 20 of the Complaint, Noble admits that reports were published concerning Noble Group's credit rating. Noble denies the remaining allegations in paragraph 20, including CGY's characterization of the reports, particularly in light of the fact that information concerning Noble Group's credit ratings had previously been communicated to CGY.

21. With respect to the allegations in paragraph 21 of the Complaint, Noble admits that S&P announced that its credit rating for Noble Group was on review, but denies the remaining allegations in paragraph 21.

22. With respect to the allegations in paragraph 22 of the Complaint, Noble admits that Moody's downgraded Noble Group's credit rating but denies the remaining allegations in paragraph 22.

23. Noble denies the allegations in paragraph 23 of the Complaint, including any inference that CGY met its obligation to negotiate the documentation in good faith, which is denied.

24. Noble denies the allegations in paragraph 24 of the Complaint.

25. With respect to paragraph 25 of the Complaint, Noble admits that it sent a letter on December 23, 2015 demanding that CGY perform its obligations pursuant to the terms reflected in the Confirmation Notice, and that Noble sought written confirmation of CGY's intent to perform.

26. Noble admits that CGY accurately quotes to the language in CGY's December 28, 2015 response, but denies CGY's characterizations contained in said response. Noble denies the remainder of the allegations in paragraph 26 of the Complaint.

27. Noble admits the allegations in paragraph 27 of the Complaint.

28. In response to the allegations contained in paragraph 28 of the Complaint, Noble repeats and realleges each of the foregoing paragraphs as though fully set forth herein.

29. Noble admits the allegations in paragraph 29 of the Complaint.

30. With respect to paragraph 30 of the Complaint, Noble denies that CGY is entitled to any of the relief sought in the Complaint.

31. Noble admits the allegations in paragraph 31 of the Complaint.

32. Noble admits the allegations in paragraph 32 of the Complaint.

33. Noble admits the allegations in paragraph 33 of the Complaint.

34. With respect to the allegations in paragraph 34 of the Complaint, Noble denies that CGY is entitled to the requested relief.

Dated: April 21, 2016.

                Respectfully submitted,

                **LEWIS BAACH PLLC**

                By:   /s David G. Liston
                     David G. Liston
                     Alex G. Patchen
                     Ari J. Jaffess
                     The Chrysler Building
                     405 Lexington Avenue, 62nd Floor
                     New York, NY 10174
                     Tel: (212) 826-7001

                     *Attorneys for Defendant*

5

5 of 6

# VERIFICATION

STATE OF CT

COUNTY OF Fairfield

Adam Raphaely, being duly sworn, states:

I am an authorized representative of the defendant and have personal knowledge of the facts alleged. I have read the foregoing Answer and know the contents to be true, except as to those matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

By: _____
Adam Raphaely
Authorized representative of
Noble Americas Gas & Power Corp.

Subscribed and sworn before me this
21 day of April, 2016.

_____
Notary Public

**VANESSA MATHIEU**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES APR. 30, 2020